## Horton and Wife *against* Cook.

In an action on a joint bond, against the personal representatives of a deceased obligor, the defendants can only avail themselves, as matter of defence, of the fact that a co-obligor still survives, by pleading it in abatement, or putting it on the record by a special plea in bar. It cannot be given in evidence under the general issue ; or in covenant, under the plea of covenants performed with leave, &c.

ERROR to *Northumberland* county.

This was an action on a joint bond of indemnity by Horton and wife against John Cook's administrators, in which the defendants' plea was, covenants performed with leave, &c. William P. Brady was a co-obligor in the bond with John Cook, and was still alive, as was proved on the trial. The defendant relied upon this as a defence, and also upon proof of satisfaction. The plaintiffs requested the court to charge the jury, that they were not barred from a recovery, on the ground that the bond was joint and not several. To which the court answered : " the bond is a joint obligation ; John Cook was deceased before the institution of this suit ; William P. Brady is living, and the action should have been brought against him as the surviving obligor, and cannot be maintained against the administrators of John Cook, unless William P. Brady is notoriously insolvent : whether he be so or not, is a fact for the jury ; if he be, this action can be maintained ; if he be not, but able to pay, this action cannot be maintained."

The jury found a verdict for the defendant.

*Greenough,* for the plaintiff in error.
*Donnel,* for the defendant in error.

(*a*)  Duncan *v.* Duncan, 1 *Watts's Rep.* 322.—REPORTER.

[Horton and Wife v. Cook.]

The opinion of the Court was delivered by

Rogers, J.—This was a suit brought by the plaintiffs against the administrators of John Cook, on a joint bond of indemnity, given by William P. Brady and John Cook deceased. The defendants pleaded covenants performed, with leave, &c., and relied on two matters of defence : one which went to the merits, tending to show satisfaction of the bond ; and the other, that William P. Brady was, at the time of the commencement of the suit, alive, and that the action survived against him. This appears from the evidence ; for the defendants proved that Brady was alive ; and for what purpose, unless with a view to this question, has not been explained.

The plaintiffs' counsel requested the court to charge the jury, that the plaintiff is not barred from a recovery on the ground, that the bond of indemnity is joint, and not several. To which the court answered : " the bond is a joint obligation. John Cook was deceased before the bringing of this action. It is in evidence, that William P. Brady is living, and the action should have been brought against him, as the surviving obligor, and cannot be maintained against the administrators of John Cook, unless William P. Brady is notoriously insolvent. Whether Brady is insolvent or not, is a fact for the jury ; if so, this action can be maintained ; if Brady is not insolvent, but able to pay, this action cannot be maintained." It is contended, that this, as a general answer to a general proposition, is correct ; and further, that the objection to the maintenance of the suit, was withdrawn at the trial. Had the latter appeared, it would have been error of the plaintiffs' own making, for which the court would not reverse. But as the defendant made this as a distinct defence, his abandonment of the objection should appear on the record. It should not rest on a naked allegation, denied as it is here by the counsel on the other side. It would seem to me highly improbable, that the court would so charge, in opposition to the admission and request of counsel.

But it is said that this is a general answer to a general proposition. We cannot avoid perceiving, that the plaintiff has been injured by the answer. Taking the charge to be correct, it would be unnecessary for the jury to consider the first defence, as the court put the case entirely on the solvency or insolvency of Brady. For unless William P. Brady was notoriously insolvent, the court instructed the jury to find for the defendants. We must view the answer of the court, not merely as an answer to a general propositon, but it must be considered with reference to the pleadings. The defendants' only plea is, covenants performed, with leave, &c. In Geddis *v.* Hawk, it is decided that no advantage can be taken by the executors of one obligor of being sued alone, on a joint obligation, without pleading in abatement ; unless it appear on the record, that the other obligor is alive, or survived the defendant's testator. In Geddis *v.* Hawk, the court say, " it is extremely clear, that if these bonds were only joint, the

II.—F

[Horton and Wife v. Cook.]

defendant could have availed himself of that circumstance only by a plea in abatement."

It is then ruled, that under the plea of payment, evidence could not be received to show that the bond was joint, and that the co-obligor was alien. Whether the plea in abatement would be the only mode, when one of the obligors is dead, may be well questioned; as a plea in abatement must in general give the plaintiff a better writ. Be this as it may, it however seems to me clear, that it must either be pleaded in abatement, or the defence must appear by a special plea in bar. It cannot be given in evidence, under the general issue, on the plea of covenants performed, with leave. In 1 *Chitty* 37, it is laid down as a general position, that in the case of a joint contract, if one of the parties die, his executor or administrator is, at law, discharged from liability, and the survivor alone can be sued; and if the executor be sued, he may either plead the survivorship in bar, or give it in evidence under the general issue. We put off the final decision in order to examine the authorities cited by *Chitty*, and the examination results in this: there is no case to support the position, that such a defence is available under the general issue. Had the defendants craved *oyer* of the bond, and pleaded that Brady together with the defendant's intestate, sealed and executed the said bond, and thereby became jointly bound, &c.; and that the said Brady is still alive: the plaintiffs might have replied the insolvency of Brady, by which the fact would have been put in issue, and tried by the jury. We should then have had no difficulty in ascertaining on what issue the jury found their verdict. If the jury had found that Brady was not insolvent, it would have operated as a discharge in the present action; the remedy would be against Brady. Nor would the plaintiffs' case be embarrassed by the finding of the jury. As the case now stands, we know not whether the jury have found on the one defence or the other, and this shows the propriety of insisting on the rule, that a defence which defeats the action, should appear on the record.

Judgment reversed, and a *venire de novo* awarded.